4. The United States paid or provided monies to the defendants in the form of grants, loans, payments, subsidies or the like relying on the false claim of the defendants that all statutory provisions are being complied with including, but not limited to, the "APPS" and the "CWA".

5. By reason of these false claims, the state of New Jersey has sustained damaged in an amount to be determined at trial.

## FOURTH COUNT

### CONSPIRACY TO VIOLATE OF THE NEW JERSEY FALSE CLAIMS ACT

1. Relator incorporates by reference all of the preceding paragraphs as if more fully set forth herein.

2. As set forth in the preceding paragraphs, the defendants have conspired with each other to defraud the state of New Jersey when they "knowingly made, used or caused to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government". Relator seeks relief against the various defendants pursuant to the New Jersey False Claims Act, specifically, N.J.S.A. 2A:32C-1 et seq.

3. As set forth in the preceding paragraphs, the defendants are liable to the state for treble damages and a civil penalty of not less than and not more than the civil penalty allowed pursuant to the Federal False Claims Act in that the either had possession, custody or control of public property and money used or to be used by the State of New Jersey or knowingly presented or caused to be presented a false or fraudulent claim for payment or approval or violated some other sub-section of N.J.S.A. 2A:32C-3.

4. By reason of these false claims, the state of New Jersey has sustained damaged in an amount to be determined at trial.

## *FIFTH COUNT*

## *VIOLATION OF THE ACT TO PREVENT POLLUTION FROM SHIPS ("APPS") 33 U. S. C. § 1901 et. seq.*

1. Relator incorporates by reference all of the preceding paragraphs as if more fully set forth herein.

2. The 1973 International Convention for the Prevention of Pollution from Ships and the protocol of 1978 relating to the International Convention for the Prevention of Pollution from Ships, (collectively known as "MARPOL") is an international treaty implemented in

the United States by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901 et. seq.

3. The "APPS" makes it a crime for any person to knowingly violate MARPOL, "APPS", or the federal regulations promulgated under "APPS". The regulations, promulgated by the Coast Guard, apply to all commercial vessels, including vessels operating under the authority of a country other than the United States when these vessels are operating in United States waters while at work or terminal under the jurisdiction of the United States. 30 3C. F. R. Section 151.09.

4. MARPOL specifically addresses the prohibition regarding the discharge of "sullage" and oil or petroleum products. In addition to addressing the prohibition regarding discharge, MARPOL also requires the documentation of any discharge. The documentation is to include an indication regarding the facts and circumstances surrounding any discharge and, the notation is to be signed by the person in charge of the operation, usually the Chief Engineer, and each page must be signed by the Master of the Ship. This documentation is to be maintained for the regular inspection by the United States Coast Guard.

5. 33 U.S.C. § 1908 provides for the penalties for violation. Each discharge is considered a separate penalty. In addition to a determination of a fine, the person committing a violation of MARPOL commits a class D felony.

6. A violation of the MARPOL protocol renders an individual liable to the United States for a civil penalty not to exceed $25,000 for each violation. Each day of a continuing violation constitutes a separate violation.

7. By reason of these violations, defendant should be obligated to pay penalties, fines attorney's fees, costs and interest in the amount to be determined at the time of trial.

## SIXTH COUNT

### VIOLATION OF THE FEDERAL WATER POLLUTION PREVENTION AND CONTROL ACT ("CWA") 33 U.S.C. § 1251 et. seq.

1. Relator incorporates by reference all of these preceding paragraphs as if more fully set forth herein.

2. The CWA was enacted to restore and maintain the chemical, physical, and biological integrity of the nation's waters. The CWA prohibits the discharge of harmful substances into the navigable waters and contiguous zone of the United States, and, if it may affect natural resources, the exclusive economic zone belonging to the United States, except where permitted under MARPOL.

3. The defendants have separately and in concert discharged harmful substances into the navigable waters of the United States, to wit: the Hudson River.

4. As a result of the defendant's conduct, the United States has been damaged and the waterways affected.

## SEVENTH COUNT

## OBSTRUCTION OF JUSTICE

1. Relator incorporates by reference all of the preceding paragraphs as if more fully set forth herein.

2. At all times herein, the defendants have by and through the actions of its agents and employees, acting within the scope of their agency and employment for the benefit of defendant, did knowingly, intentionally and corruptly endeavor to influence, obstruct and impede the due and proper administration of the law under which a pending proceeding was being had before an agency of the United States, to wit: the United States Coast Guard, by giving false statements to the Coast Guard including, but not limited to, the overboard discharge of "sullage" and the underreporting of the fuel spill which occurred on July 1, 2015.

3. The conduct of the defendants are violations of 18 U.S.C. §1505.

## EIGHTH COUNT

## VIOLATION OF THE NEW JERSEY RICO

1. Relator repeats all of the allegations contained in the previous paragraphs as if more fully set forth herein.

2. Relator is a "person" as defined by N.J.S.A. 2C:41-1(b).

3. Defendants are "persons" as defined by N.J.S.A. 2C:41-1(b).

4. During the applicable period, "Port Imperial Ferry Corporation", including but not limited to each of the individual offices, constituted an "enterprise" as that term is defined in N.J.S.A. 2C:41-1 ( c ).

5. During the applicable period, "Port Imperial Ferry Corporation d/b/a NY Waterway", including but not limited to each of the individual offices, constituted an "enterprise" as that term is defined in N.J.S.A. 2C:41-1 ( c ).

6. During the applicable period, Arthur Imperatore is a person as that term is defined in N.J.S.A. 2C:41-1 (b).

7. During the applicable period, Alan Warren, is a person as that term is defined in N.J.S.A. 2C:41-1 (b).

8. An association-in-fact between Port Imperial Ferry Corporation and Port Imperial Ferry Corporation d/b/a NY Waterway constituted an "enterprise" as that term is defined in N.J.S.A. 2C:41-1 et seq. and as outlined in the applicable paragraphs under "Background Facts".

9. An association-in-fact between Port Imperial Ferry Corporation and Arthur Imperatore constituted an "enterprise" as that term is defined in N.J.S.A. 2C:41-1 et seq. and as outlined in the applicable paragraphs under "Background Facts".

10. An association-in-fact between Port Imperial Ferry Corporation and Alan Warren constituted an "enterprise" as that term is defined in N.J.S.A. 2C:41-1 et seq. and as outlined in the applicable paragraphs under "Background Facts".

11. An association-in-fact between Port Imperial Ferry Corporation d/b/a NY Waterway and Arthur Imperatore constituted an "enterprise" as that term is defined in N.J.S.A. 2C:41-1 et seq. and as outlined in the applicable paragraphs under "Background Facts".

12. An association-in-fact between Port Imperial Ferry Corporation d/b/a NY Waterway and Alan Warren constituted an "enterprise" as that term is defined in N.J.S.A. 2C:41-1 et seq. and as outlined in the applicable paragraphs under "Background Facts".

13. An association-in-fact between Port Imperial Ferry Corporation, Port Imperial Ferry Corporation d/b/a NY Waterway, Arthur Imperatore and Alan Warren, jointly, severally, or in combination of some, constitutes an "enterprise" as that term is defined in N.J.S.A. 2C:41-1 et seq. and as outlined in the applicable paragraphs under "Background Facts".

14. As set forth in the foregoing paragraphs, Port Imperial Ferry Corporation engaged in a "pattern of racketeering activity" as that term is defined in N.J.S.A. 2C:41-1(d) (1) and as outlined in the applicable paragraphs under "Background Facts".

15. As set forth in the foregoing paragraphs, Port Imperial Ferry Corporation d/b/a NY Waterway engaged in a "pattern of racketeering activity" as that term is defined in N.J.S.A. 2C:41-1(d) and as outlined in the applicable paragraphs under "Background Facts".

16. As set forth in the foregoing paragraphs, Arthur Imperatore engaged in a "pattern of racketeering activity" as that term is defined in N.J.S.A. 2C:41-1(d) and as outlined in the applicable paragraphs under "Background Facts".

17. As set forth in the foregoing paragraphs, Alan Warren engaged in a "pattern of racketeering activity" as that term is defined in N.J.S.A. 2C:41-1(d) and as outlined in the applicable paragraphs under "Background Facts".

18. All of the plaintiffs have been damaged in their business or propriety by reason of defendant's violation of N.J.S.A. 2C:41-2.

19. Defendants' conduct may have also constituted violations of applicable provisions of New Jersey Statutes, the New Jersey Administrative Code, the federal statutes pled herein and/or the Code of Federal Regulations.

20. Plaintiffs bring this action pursuant to N.J.S.A. 2C:41-1 et seq. and in accordance therewith, seek statutory treble damages, attorney's fees, filing fees and court costs.

## NINTH COUNT

### RETALIATION

1. Relator repeats all of the allegations contained in the previous paragraphs as if more fully set forth herein.

2. No later than, and as early as, July 12, 2011, the Relator engaged in protected conduct as that term is defined in both the Federal False Claims Act, the New Jersey State False Claims Act and other statutes, rules, codes or other protections.

3. The Relator was harassed and/or threatened by his employer because of the willful expressions or acts of the Relator in furtherance of the action.

4. In addition to the harassment, the Relator was terminated as a result of his conduct on August 17, 2015.

5. The defendants' retaliatory conduct violates the Federal False Claims Act, the New Jersey State False Claims Act and other statutes, rules, codes or other protections.

6. The Relator has been damaged as a result of the defendants' retaliation against him for his protected activities.

## *PRAYER FOR RELIEF*

WHEREFORE, the Relator, on behalf of the United States, the State of New Jersey and other parties requests that judgment be entered in its favor and against the various defendants jointly and severally as follows:

a. On each of the claims for violation of the False Claims Act, 31 U.S.C. § 3729(a) et. seq. treble damages calculated in an amount to be determined at trial plus $10,000.00 penalty for each claim;

b. On each of the claims of the violation of the New Jersey False Claims Act, N.J.S.A. 2A:32C-1 et seq. treble damages calculated in an amount to be determined at trial plus $10,000.00 penalty for each claim;

c. The defendants should be obligated to pay the applicable fines, costs and fees for the violation of the "APPS";

d. The defendants should be obligated to pay the applicable fines, attorney's fees and costs associated with the violation of the "CWA";

e. An award of costs pursuant to N.J.S.A. 2C:41-1 et seq. on all of the claims;

f. Compensatory damages;

g. Double the amount of lost pay in compensation for all special damages due to the retaliation;

24

    h.  Any other applicable consequential, incidental, nominal and expectation damages;

    i.  Lawful interest, attorney's fees, filing fees court costs and such other and further relief as the court shall deem equitable and just; and,

    j.  An Order granting such other relief as this court deems just and appropriate.

### *DESIGNATION OF TRIAL COUNSEL*

Pursuant to Rule 4:25-4, MICHAEL D. FITZGERALD, ESQUIRE is hereby designated as trial counsel for the Plaintiffs in the above-captioned matter.

### *DEMAND FOR JURY TRIAL*

Plaintiff/Relator on behalf of himself and the United States of America and the State of New Jersey demands a jury trial on all claims alleged herein.

_____
MICHAEL D. FITZGERALD, ESQUIRE
Law Offices of Michael D. Fitzgerald
800 Old Bridge Road
Brielle, New Jersey 08730
(732) 223-2200 – phone
(732) 223-7299 – facsimile
mdfitz@briellelaw.com

Dated: April 27, 2016

25

## **CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing will be served on the _____ day of _____, 2016 via Federal Express Next Day Air, fee prepaid, to:

**Loretta E. Lynch, United States Attorney General**
**Department of Justice**
**950 Pennsylvania Avenue, N.W.**
**Washington, DC 20530-0001**

**Robert Lougy, Acting Attorney General**
**Office of the Attorney General**
**P.O. Box 080**
**Trenton, New Jersey 08625-0080**

**Clerk's Office**
**Office of the United States Attorney**
**970 Broad Street, Room 700**
**Newark, New Jersey 07102**