**BALDASSARE & MARA, LLC**
75 Livingston Ave, Suite 101
Roseland, New Jersey 07068
T:  (973) 200-4066
F:  (973) 556-1076

*Attorneys for Defendants*
*Port Imperial Ferry Corporation,*
*Port Imperial Ferry Corporation*
*d/b/a NY Waterway, Arthur Imperatore,*
*Romulus Development Corp., and*
*Billybey Ferry Company LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW JERSEY *ex rel*. RAFI KHATCHIKIAN and IVAN TORRES,<br><br>                *Plaintiffs/Relators,*<br><br>     v.<br><br>PORT IMPERIAL FERRY CORPORATION; PORT IMPERIAL FERRY CORPORATION d/b/a NY WATERWAY; ARTHUR IMPERATORE, President; ALAN WARREN, Vice President; ROMULUS DEVELOPMENT CORP.; BILLYBEY FERRY COMPANY, LLC; WILLIAM WACHTEL; ABC CORPORATIONS 1-10 (same names being fictitious) and JOHN DOES 1-10 (same names being fictitious),<br><br>                *Defendants.* | Civil Action No.: 2:16-cv-2388 (KM) (AME)<br><br><br>**CERTIFICATION OF<br>JENNIFER MARA, ESQ.** |

**JENNIFER MARA, ESQ.**, of full age, hereby certifies as follows:

    1.     I am Managing Partner at the law firm of Baldassare & Mara, LLC, counsel for

Defendants Port Imperial Ferry Corporation, Port Imperial Ferry Corporation d/b/a NY

Waterway, Arthur Imperatore, Romulus Development Corp., and Billybey Ferry Company, LLC ("Defendants"), in the above-captioned matter.

2.      Attached as **Exhibit A** is a true and correct copy of Plaintiffs' Responses and Objections to Defendants' First Set of Requests for the Production of Documents and Deficiency Letter Dated May 26, 2022.

3.      Attached as **Exhibit B** is a true and correct copy of Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories and Deficiency Letter Dated May 26, 2022.

4.      Attached as **Exhibit C** is a true and correct copy of the October 4, 2018 letter sent by Plaintiffs' attorney Michael Fitzgerald, Esq., addressed to New York Waterways. A copy of that letter was produced by Plaintiffs in response to document demands and is marked REL000318.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                      **BALDASSARE & MARA, LLC**

Dated: July 29, 2022                   By:    _/s/ Jennifer Mara_
                                                      Jennifer Mara
                                                      75 Livingston Ave, Suite 101
                                                      Roseland, New Jersey 07068
                                                      T:  (973) 200-4066
                                                      F:  (973) 556-1076
                                                      E:  jmara@mabalaw.com

                                                      *Attorneys for Defendants*
                                                      *Port Imperial Ferry Corporation,*
                                                      *Port Imperial Ferry Corporation*
                                                      *d/b/a   NY   Waterway,   Arthur*
                                                      *Imperatore,  Romulus  Development*
                                                      *Corp.,  and  Billybey  Ferry  Company*
                                                      *LLC*

# Exhibit A

BALDASSARE
& MARA, LLC
Attorneys at Law

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF
## NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW JERSEY *ex rel*. RAFI KHATCHIKIAN and IVAN TORRES,<br><br>     *Plaintiffs/Relators,*<br><br>  v.<br><br>PORT IMPERIAL FERRY CORPORATION; PORT IMPERIAL FERRY CORPORATION d/b/a NY WATERWAY; ARTHUR IMPERATORE, President; ALAN WARREN, Vice President; ROMULUS DEVELOPMENT CORP.; BILLYBEY FERRY COMPANY, LLC; WILLIAM WACHTEL; ABC CORPORATIONS 1-10 (same names being fictitious) and JOHN DOES 1-10 (same names being fictitious),<br><br>     *Defendants.* | Civil Action No.: 2:16-cv-02388 (KM) (AME) |

**RELATOR'S OBJECTIONS AND RESPONSES TO DEFENDANTS PORT IMPERIAL FERRY CORPORATION, PORT IMPERIAL FERRY CORPORATION D/B/A NY WATERWAY, ARTHUR IMPERATORE, ROMULUS DEVELOPMENT CORP., AND BILLYBEY FERRY COMPANY LLC'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND DEFICIENCY LETTER DATED MAY 26, 2022**

**TO:** Defendants Port Imperial Ferry Corporation, Port Imperial Ferry Corporation d/b/a NY Waterway, Arthur Imperatore, Romulus Development Corp., and Billybey Ferry Company LLC by and through their counsel of record, Michael Baldassare, Esq. and Jennifer Mara, Esq. of Baldassare & Mara, LLC at 570 Broad Street, Suite 900, Newark, NJ 07102

## GENERAL OBJECTIONS

1. Relators object to the Instructions to the extent that they seek information not permitted by the Federal Rules of Civil Procedure.  Relators will answer these Requests fully and in accordance with the applicable discovery rules.

1

2.      Relators object to the definitions of "You" and "Your" to the extent they purport to include Relators' attorneys and any attorney-client privileged communications or attorney work-product.

3.      Relators object to the Requests for Production to the extent they call for the waiver of any privileges. All information and supporting documents provided by Relators' counsel in response to these interrogatories are for the limited purpose of jurisdictional discovery and are not intended, and do not, constitute a general waiver of any privilege. Relators and their counsel expressly invoke and preserve all privileges notwithstanding any limited waiver of a privilege that might be reflected by the disclosure of a particular document or piece of information as part of the jurisdictional discovery process.

## GENERAL RESPONSE AND RESERVATION OF RIGHTS

Jurisdictional discovery is ongoing, and Relators reserve the right to supplement these Responses if they obtain additional information.

## NYWW's ASSERTION OF DEFECTS COMMON TO ALL DISCOVERY RESPONSES

Plaintiffs rely on information that post-dates the filing of the Complaint on April 28, 2016, and/or the Amended Complaint on November 17, 2020. For obvious reasons, this information is beyond the scope of the Court's Order which states "jurisdictional discovery shall encompass any notice provided by Plaintiffs to Defendants *before the filings of both the initial and the amended complaints.*" ECF 50 at 5 (emphasis added).

Documents Produced:

Plaintiffs produced 137 separate documents with bates stamps REL000001 to REL000449. Please confirm that, notwithstanding Plaintiffs' various written objections and explanations, Plaintiffs have produced all documents they intend to rely upon to establish that they complied with the CWA notice requirement and that the District Court has subject matter over Plaintiffs' CWA claim against Defendants.

> **Relators' Response:** Relators have produced all documents currently known to be in their possession relevant to the issue of CWA notice.

Redacted and Withheld Documents:

Plaintiffs' document index, Addendum A, states that Plaintiffs withheld an attachment to a document stamped REL000435 "on the ground that it is protected by the government's privileges including, without limitation, work product, common interest, and joint prosecution." Assuming, *arguendo*, that a privilege applies to Plaintiffs' communications with the United States Attorney's Office, Plaintiffs have produced numerous communications by and with their attorneys and the United States Attorney's Office and other governmental agencies, including REL000435, to which the withheld document is attached. Fed. R. Evid. 502(a). Plaintiffs cannot selectively waive privilege for only a portion of a document, and then assert a privilege with respect to other portions of the document. The party asserting a claim of privilege

"bears the burden to show that it applies." *La. Mun. Police Emples. Ret. Sys. v. Sealed Air Corp.*, 253 F.R.D. 300, 305 (D.N.J. 2008) (citing *In re Grand Jury Empaneled Feb. 14, 1978*, 603 F.2d 469, 474 (3d. Cir. 1979)). Plaintiffs are not able to assert this privilege because Plaintiffs have disclosed hundreds of pages of documents already waiving any privileges they could assert.

> **Relators' Response:** Relators stand on their objection. Relators assert that the "hundreds of communications" they produced between Relators' counsel and the U.S. Attorney's Office were not covered by any privileges. For example, many of the communications were administrative in nature, such as scheduling calls and meetings. Other communications transmitted factual information concerning Relators' ongoing investigation, but did not include or reflect attorney work product. The attachment to REL000435, however, is Plaintiffs' counsel's draft script of potential questions for witness interviews to be conducted by the government. Therefore, this attachment is protected as attorney work product. Furthermore, since this document was shared with counsel for the U.S. Government under the common interest and/or joint prosecution doctrines, its disclosure could harm the government's interest in protecting its investigative methods. Therefore, in addition to a waiver of the privilege from Relators, which they are not willing to grant at this time, Relators assert that the document cannot be produced unless the U.S. Government agrees to its production. Finally, the attachment is not relevant to the CWA notice issue.

Plaintiffs' Addendum A also states that Plaintiffs redacted a paragraph from REL000436 based on attorney-client privilege. That redaction is without basis. Plaintiffs have waived privilege with respect to this email and cannot reveal only a portion of an attorney-client email but then assert privilege with respect to other portions of the same document discussing the same subject matter. *See* Fed. R. Evid. 502(a) ("When disclosure is made in a federal proceeding … and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication" if certain conditions are met.).

> **Relators' Response:** Relators stand on their assertion of privilege as to the final paragraph of REL000436, which is an email from Mr. Khatchikian to his counsel, Mr. Fitzgerald, summarizing a phone call Khatchikian received from Mr. Torres. The first six paragraphs recount statements made by Mr. Torres, including the facts of a call from a NYWW attorney named "Mike" who offered Mr. Torres money for his video and photographic evidence. These facts were not communicated to Mr. Fitzgerald for the purpose of soliciting legal advice and, therefore, do not constitute a privileged communication with counsel. Thus, the disclosure of these paragraphs do not

3

constitute a waiver of the attorney-client privilege. The final paragraph of the email, however, pertains to Mr. Torres becoming a co-relator in this action, was for the purpose of soliciting legal advice, and is protected by the attorney-client privilege.

Given the foregoing, Defendants demand that Plaintiffs provide the attachment to REL000435 and an unredacted version of REL000436.

**Relators' Response:** See responses above.

## DOCUMENT REQUESTS

**1.** The document(s) that Plaintiffs served on, mailed, or otherwise sent to each of the Defendants that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the Clean Water Act ("CWA") and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the original Complaint.

**SPECIFIC OBJECTIONS:** Relators object to the terms "served" and "satisfy" to the extent they call for a legal conclusion.

**RESPONSE**: Relators assert that Defendants received information that satisfies the purpose the CWA's citizen suit notice requirement through various communications from or with the United States Attorney's Office for the District of New Jersey, other federal and state government agencies, and Relators' counsel more than 60-days prior to the unsealing of this case and service of process of a Summons and the Amended Complaint upon Defendants.

Relators are producing all non-privileged emails and documents relevant to meetings, calls, or other communications that show that Defendants had knowledge of the factual allegations underlying the CWA cause of action years before they were served with the Amended Complaint in this action. Relators are also providing, as Addendum A, a chronological index of the produced documents, which includes a brief description of each document. Entries in the "Description" column are color-coded to highlight in orange all evidence of communications to, from, or with Defendants and/or their counsel. Relators' position is that these communications with Defendants and/or their counsel satisfied the purpose of the CWA notice requirement.

## NYWW's ASSERTED DEFICIENCIES:

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on Defendants to satisfy the CWA Notice Regulations for the initial Complaint filed April 28, 2016. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive

theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections and response, Plaintiffs state that, while the case was still under seal and prior to filing the Amended Complaint, Plaintiffs' counsel sent a CWA Notice Letter to NYWW via FedEx on October 4, 2018. *See* REL000318-21 and REL000327. This notice to Defendants was augmented by a copy of the sealed Complaint, which was provided via email to Defendants' counsel by the U.S. Attorney's Office for the District of New Jersey (USAO-NJ) on December 10, 2018. *See* REL000351. This notice to the Defendants was also augmented by numerous communications and meetings between counsel for Defendants and USAO-NJ and/or Plaintiffs' counsel, Mr. Fitzgerald. *See* REL000340, REL000342, REL000343, REL000346-47, REL000348, REL000349-50, REL000351-52, REL000353-54, REL000357-58, REL000359-60, REL000363-64, REL000365-66, REL000367, REL000368-69, REL000370-71, REL000372-73, REL000374, REL000376-77, REL000380-81, REL000382-84, REL000386-87, REL000388, REL000389, and REL000402-03.

**2.** All documents evidencing service on and/or mailing to each of the Defendants of the documents that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the original Complaint.

**SPECIFIC OBJECTIONS:** Relators object to the terms "service" and "satisfy" to the extent they call for a legal conclusion.

**RESPONSE**: See Response to Request No. 1 above.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on Defendants to satisfy the CWA Notice Regulations for the initial Complaint filed April 28, 2016. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each

response to state that they will produce all responsive documents or that no such documents exist.

  **SUPPLEMENTAL RESPONSE:** Without waiving their prior objections and response, Plaintiffs incorporate their Supplemental Response to RFP 1.

 **3.** The document(s) that Plaintiffs served on, mailed, or otherwise sent to the Administrator of the Environmental Protection Agency ("EPA Administrator") that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the original Complaint.

  **SPECIFIC OBJECTIONS:** Relators object to the terms "served" and "satisfy" to the extent they call for a legal conclusion.

  **RESPONSE**: Relators are producing all non-privileged emails and documents relevant to meetings, calls, or other communications that show that the EPA had knowledge of the factual allegations underlying the CWA cause of action years before the Amended Complaint in this action was served on Defendants. Relators are also providing, as Addendum A, a chronological index of the produced documents, which includes a brief description of each document. Entries in the "Description" column are color-coded to highlight in green all evidence of communications to, from, or with the EPA or its counsel. Relators' position is that these communications with the EPA and its counsel satisfied the purpose of the CWA notice requirement. Relators note that the initial, and many of the subsequent, communications with the EPA about the facts underlying the CWA causes of action alleged in this matter were made by and through the United States Department of Justice and/or the United States Attorney's Office for the District of New Jersey, and that Relators do not have access to those communications.

## NYWW's ASSERTED DEFICIENCIES:

 These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the EPA Administrator to satisfy the CWA Notice Regulations regarding allegation in the initial Complaint filed April 28, 2016. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE**:   Without waiving their prior objections and responses, Plaintiffs supplementally respond as stated below.

Because the Complaint and Amended Complaint alleged causes of action under laws with conflicting notice requirements (*e.g.*, the False Claims Act (FCA) requiring filing under seal without notice, and the Clean Water Act (CWA) requiring pre-filing notice), the Plaintiffs/Relators substantially relied upon the Government's sealed investigation processes under the FCA as a means of providing initial notice to the requisite environmental agencies and departments. Upon information and belief, these agencies and departments received a copy of the original Complaint shortly after it was filed. *See* REL000048-50 (Fitzgerald's notes and business cards of government personnel attending interview of Khatchikian on June 16, 2016, including Jason P. Garelick, Regional Criminal Enforcement Counsel for the U.S. EPA). Numerous other documents produced by Relators reflect the EPA's ongoing involvement in the investigation, including direct communications with Plaintiffs' counsel. *See* REL000121-22, REL000123-25, REL000126, REL000136-37, REL000140, REL000167-269; REL000270-296, REL000298-99, REL000300, REL000302, REL000331, REL000355-56, REL000390, REL000393, REL000394, and REL395.

Furthermore, while the case was still under seal, and prior to filing the Amended Complaint, Plaintiffs' counsel sent a CWA Notice Letter to NYWW on October 4, 2018, which letter was copied (via email) to the Environmental Protection Agency, the New Jersey Department of Environmental Protection, and the New York Department of Environmental Protection. (REL000318-21). On October 9, 2018, Plaintiffs' counsel also provided an online tip to the NYDEP. *See* REL000328-29. On October 13, 2018, Plaintiffs' counsel also provided an online tip to the U.S. EPA. *See* REL000332-34.

**4.** All documents evidencing service on and/or mailing to the EPA Administrator of the documents that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the original Complaint.

**SPECIFIC OBJECTIONS:** Relators object to the terms "service" and "satisfy" to the extent they call for a legal conclusion.

**RESPONSE**:  See Response to Request No. 3 above.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the EPA Administrator to satisfy the CWA Notice Regulations regarding allegation in the initial Complaint filed April 28, 2016. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

**5.** The document(s) that Plaintiffs served on, mailed, or otherwise sent to the Region 2 Administrator of the Environmental Protection Agency ("EPA Region 2 Administrator") that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the original Complaint.

**SPECIFIC OBJECTIONS:** Relators object to the terms "served" and "satisfy" to the extent they call for a legal conclusion.

**RESPONSE**: See Response to Request No. 3 above.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the EPA Region 2 Administrator to satisfy the CWA Notice Regulations for the initial Complaint filed April 28, 2016. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

**6.**   All documents evidencing service on and/or mailing to the EPA Region 2 Administrator of the documents that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the original Complaint.

> **SPECIFIC OBJECTIONS:** Relators object to the terms "service" and "satisfy" to the extent they call for a legal conclusion.

> **RESPONSE**:  See Response to Request No. 3 above.

### NYWW's ASSERTED DEFICIENCIES:

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the EPA Region 2 Administrator to satisfy the CWA Notice Regulations for the initial Complaint filed April 28, 2016.  Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

> **SUPPLEMENTAL RESPONSE**:  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

**7.**   The document(s) that Plaintiffs served on, mailed, or otherwise sent to the chief administrative officer of New Jersey Department of Environmental Protection ("NJDEP") that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the original Complaint.

> **SPECIFIC OBJECTIONS:** Relators object to the terms "served" and "satisfy" to the extent they call for a legal conclusion.

> **RESPONSE**: Relators are producing all non-privileged emails and documents relevant to meetings, calls, or other communications that show that the NJDEP had knowledge of the factual allegations underlying the CWA causes of action years before the Amended Complaint in this action was served on Defendants. Relators are also providing, as <u>Addendum A</u>, a chronological index of the produced documents, which includes a brief description of each document. Entries in the "Description" column are color-coded to highlight in green all evidence of communications to, from, or with the NJDEP or its counsel. Relators' position is that these communications with the NJDEP and its counsel satisfied the purpose of the CWA notice requirement. Relators note that the initial, and many of the subsequent, communications with the NJDEP about the facts underlying the CWA causes of

action alleged in this matter were made by and through the United States Department of Justice and/or the United States Attorney's Office for the District of New Jersey, and that Relators do not have access to those communications.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the Chief Administrative Officer of the New Jersey Department of Environmental Protection to satisfy the CWA Notice Regulations for the initial Complaint filed April 28, 2016. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

> **SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

**8.**   All documents evidencing service on and/or mailing to the NJDEP of the documents that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the original Complaint.

> **SPECIFIC OBJECTIONS:** Relators object to the terms "service" and "satisfy" to the extent they call for a legal conclusion.

> **RESPONSE**:  See Response to Request No. 7 above.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the Chief Administrative Officer of the New Jersey Department of Environmental Protection to satisfy the CWA Notice Regulations for the initial Complaint filed April 28, 2016. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE**:  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

**9.**  The document(s) that Plaintiffs served on, mailed, or otherwise sent to each of the Defendants that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the Clean Water Act ("CWA") and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the Amended Complaint.

**SPECIFIC OBJECTIONS:** Relators object to this Request as duplicative of Request No. 1 above. See specific objections to Response No. 1 above.

**RESPONSE**:  See Response to Response No. 1 above.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on Defendants to satisfy the CWA Notice Regulations for the Amended Complaint filed November 17, 2020. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits.  *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE**:  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 1.

**10.**  All documents evidencing service on and/or mailing to each of the Defendants of the documents that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the Amended Complaint.

**SPECIFIC OBJECTIONS:** Relators object to this Request as duplicative of Request No. 2 above. See specific objections to Response No. 2 above.

**RESPONSE**:  See Response to Response No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on Defendants to satisfy the CWA Notice Regulations for the Amended Complaint filed November 17, 2020. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow

inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 1.

   11.   The document(s) that Plaintiffs served on, mailed, or otherwise sent to the Administrator of the Environmental Protection Agency ("EPA Administrator") that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the Amended Complaint.

**SPECIFIC OBJECTIONS:** Relators object to this Request as duplicative of Request No. 3 above. See specific objections to Response No. 3 above.

**RESPONSE**:  See Response to Response No. 3 above.

**NYWW's ASSERTED DEFICIENCIES:**

   These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the EPA Administrator to satisfy the CWA Notice Regulations for the Amended Complaint filed November 17, 2020. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

   12.   All documents evidencing service on and/or mailing to the EPA Administrator of the documents that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the Amended Complaint.

**SPECIFIC OBJECTIONS:** Relators object to this Request as duplicative of Request No. 4 above. See specific objections to Response No. 4 above.

**RESPONSE**:  See Response to Response No. 4 above.

## NYWW's ASSERTED DEFICIENCIES:

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the EPA Administrator to satisfy the CWA Notice Regulations for the Amended Complaint filed November 17, 2020. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

**13.**   The document(s) that Plaintiffs served on, mailed, or otherwise sent to the  Region 2 Administrator of the Environmental Protection Agency ("EPA Region 2 Administrator") that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the Amended Complaint.

**SPECIFIC OBJECTIONS:** Relators object to this Request as duplicative of Request No. 5 above. See specific objections to Response No. 5 above.

**RESPONSE**:  See Response to Response No. 5 above.

## NYWW's ASSERTED DEFICIENCIES:

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the EPA Region 2 Administrator to satisfy the CWA Notice Regulations for the Amended Complaint filed November 17, 2020. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE**:  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

**14.**   All documents evidencing service on and/or mailing to the EPA Region 2 Administrator of the documents that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the Amended Complaint.

**SPECIFIC OBJECTIONS:** Relators object to this Request as duplicative of Request No. 6 above. See specific objections to Response No. 6 above.

**RESPONSE**:  See Response to Response No. 6 above.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the EPA Region 2 Administrator to satisfy the CWA Notice Regulations for the Amended Complaint filed November 17, 2020. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

**SUPPLEMENTAL RESPONSE**:  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

**15.**   The document(s) that Plaintiffs served on, mailed, or otherwise sent to the chief administrative officer of New Jersey Department of Environmental Protection ("NJDEP") that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the Amended Complaint.

**SPECIFIC OBJECTIONS:** Relators object to this Request as duplicative of Request No. 7 above. See specific objections to Response No. 7 above.

**RESPONSE**:  See Response to Response No. 7 above.

**NYWW's ASSERTED DEFICIENCIES:**

These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the Chief Administrative Officer of the New Jersey Department of Environmental Protection to satisfy the CWA Notice Regulations for the Amended Complaint filed November 17, 2020. Fed.

R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

    **SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

    **16.**    All documents evidencing service on and/or mailing to the NJDEP of the documents that Plaintiffs contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3 for the Amended Complaint.

    **SPECIFIC OBJECTIONS:** Relators object to this Request as duplicative of Request No. 8 above. See specific objections to Response No. 8 above.

    **RESPONSE**:  See Response to Response No. 8 above.

**NYWW's ASSERTED DEFICIENCIES:**

    These Document Requests ask Plaintiffs to produce documents that Plaintiffs contend constitute notice served and proof of service on the Chief Administrative Officer of the New Jersey Department of Environmental Protection to satisfy the CWA Notice Regulations for the Amended Complaint filed November 17, 2020. Fed. R. Civ. P. 34(b)(2)(B) requires Plaintiffs to respond that they will allow inspection/produce responsive documents or to object. Plaintiffs object to the term "served" and "satisfy" despite the fact that "served" appears in the regulations governing CWA citizen suits. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Instead of providing those basic responses, Plaintiffs provided lengthy explanations of their substantive theories of notice and cross-referenced "Addendum A." This is not a proper response under Fed. R. Civ. P. 34(b)(2)(B). Accordingly, Plaintiffs must amend each response to state that they will produce all responsive documents or that no such documents exist.

    **SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections or response, Plaintiffs incorporate their Supplemental Response to RFP 3.

Dated: May 8, 2022

By: /s/ Gerald C. Robinson        /s/ Michael D. Fitzgerald

    Gerald C. Robinson              Michael D. Fitzgerald, Esq.

    NJ Bar # 028452005            NJ Bar #004391985

    HALUNEN LAW                LAW OFFICES OF MICHAEL D.

    IDS Center, Suite 1650            FITZGERALD

    Minneapolis MN 55402         1701 Pennsylvania Ave, NW, Suite 200

    Tel.: 612-605-4098               Washington D.C. 20006

    Fax: 612-605-4099               Tel: 703-888-5469

    robinson@halunenlaw.com        mdfitz@briellelaw.com

*Attorneys for Plaintiffs Rafi Khatchikian and Ivan Torres*

## CERTIFICATE OF SERVICE

       I, Gerald C. Robinson, hereby certify that on May 8, 2022, I caused a true and correct copy of this document to be served upon counsel for Port Imperial Ferry Corporation, Port Imperial Ferry Corporation d/b/a NY Waterway, Arthur Imperatore, Romulus Development Corp., and Billybey Ferry Company LLC via electronic mail (per the written service agreement between counsel) to:

    Michael Baldassre, Esq.

    Jennifer Mara, Esq.

    Baldassare & Mara, LLC

    570 Broad Street, Suite 900

    Newark, New Jersey 07102

    mbaldassare@mabalaw.com

    jmara@mabalaw.com

           /s/ Gerald C. Robinson

            Gerald C. Robinson

16

# Exhibit B

BALDASSARE
& MARA, LLC
Attorneys at Law

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF
## NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW JERSEY *ex rel*. RAFI KHATCHIKIAN and IVAN TORRES,<br><br>*Plaintiffs/Relators,*<br><br>v.<br><br>PORT IMPERIAL FERRY CORPORATION; PORT IMPERIAL FERRY CORPORATION d/b/a NY WATERWAY; ARTHUR IMPERATORE, President; ALAN WARREN, Vice President; ROMULUS DEVELOPMENT CORP.; BILLYBEY FERRY COMPANY, LLC; WILLIAM WACHTEL; ABC CORPORATIONS 1-10 (same names being fictitious) and JOHN DOES 1-10 (same names being fictitious),<br><br>*Defendants.* | Civil Action No.: 2:16-cv-02388 (KM) (AME) |

**RELATOR'S OBJECTIONS AND RESPONSES TO DEFENDANTS PORT IMPERIAL FERRY CORPORATION, PORT IMPERIAL FERRY CORPORATION D/B/A NY WATERWAY, ARTHUR IMPERATORE, ROMULUS DEVELOPMENT CORP., AND BILLYBEY FERRY COMPANY LLC'S INTERROGATORIES AND DEFICIENCY LETTER DATED MAY 26, 2022**

**TO:**  Defendants Port Imperial Ferry Corporation, Port Imperial Ferry Corporation d/b/a NY Waterway, Arthur Imperatore, Romulus Development Corp., and Billybey Ferry Company LLC by and through their counsel of record, Michael Baldassare, Esq. and Jennifer Mara, Esq. of Baldassare & Mara, LLC, 570 Broad Street, Suite 900, Newark, NJ 07102

## <u>GENERAL OBJECTIONS</u>

1.      Relators object to the Instructions to the extent that they seek information not permitted by the Federal Rules of Civil Procedure. Relators will answer these Interrogatories fully and in accordance with the applicable discovery rules.

2.      Relators object to the definition of "You" and "Your" to the extent that it purports to include Relators' attorneys and thereby implicates attorney-client privileged communications and/or attorney work-product.

3.     Relators object to the definition of the term "identify" because the information requested is unduly burdensome and not proportional to the needs of the case. In addition, Defendants already have access to contact information for relevant persons and identifying details for relevant communications.  To the extent Defendants may require additional information on a specific person or communication referenced, Relators are willing to meet and confer on this. Relators further object to the extent the instruction implicates attorney-client communications.

4.     Relators object to the instructions to the extent it purports to include attorney-client privileged communications and/or attorney work-product.

5.     Relators object to the instructions to the extent they purport to require Relators to prepare a privilege log with respect to attorney-client communications or work-product involving litigation counsel during the course of this litigation.  It would be unduly burdensome to prepare such a privilege log.

6.     Relators object to the Interrogatories to the extent they call for the waiver of any privileges. All information and supporting documents provided by Relators' counsel in response to these interrogatories are for the limited purpose of jurisdictional discovery and are not intended, and do not, constitute a general waiver of any privilege. Relators and their counsel expressly invoke and preserve all privileges notwithstanding any limited waiver of a privilege that might be reflected by the disclosure of a particular document or piece of information as part of the jurisdictional discovery process.

## GENERAL RESPONSE AND RESERVATION OF RIGHTS

Jurisdictional discovery is ongoing, and Relators reserve the right to supplement these Responses if they obtain additional information.

## NYWW's ASSERTION OF DEFECTS COMMON TO ALL DISCOVERY RESPONSES

Plaintiffs rely on information that post-dates the filing of the Complaint on April 28, 2016 and/or the Amended Complaint on November 17, 2020. For obvious reasons, this information is beyond the scope of the Court's Order which states "jurisdictional discovery shall encompass any notice provided by Plaintiffs to Defendants *before the filings of both the initial and the amended complaints.*" ECF 50 at 5 (emphasis added).

## INTERROGATORIES

**1.**     Identify the Person and/or Persons providing answers to these Interrogatories. Set forth each person's name, address, telephone number, and job title or position.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** The substantive responses and supporting documents are being provided by Relators and their counsel, Michael D. Fitzgerald, who has first-hand

knowledge of the relevant communications with government departments and agencies while this matter was under seal.

**NYWW's ASSERTED DEFICIENCIES:**

None.

2.     Identify all persons or entities to whom or to which you assert you provided written notice of your Clean Water Act allegations on or before April 28, 2016. Set forth each person or entity's name, how each was notified including how the notification was served and to what address, the date of notification, and identify any Documents that you claim constitute notification and proof of service.

**SPECIFIC OBJECTIONS:** Relators object to the term "notice" to the extent it calls for a legal conclusion.

**RESPONSE:** Relators assert that Defendants received information that satisfies the purpose the CWA's citizen suit notice requirement through various communications from or with the United States Attorney's Office for the District of New Jersey, other federal and state government agencies, and Relators' counsel more than 60-days prior to the unsealing of this case and service of process of a Summons and the Amended Complaint upon Defendants.

Relators are producing all non-privileged emails and documents relevant to meetings, calls, or other communications that show that Defendants had knowledge of the factual allegations underlying the CWA cause of action years before they were served with the Amended Complaint in this action. Relators are also providing, as Addendum A, a chronological index of the produced documents, which includes a brief description of each document. Entries in the "Description" column are color-coded to highlight in orange all evidence of communications to, from, or with Defendants and/or their counsel. Relators' position is that these communications Defendants and/or their counsel satisfied the purpose of the CWA notice requirement. From this Addendum and the corresponding documents, Defendants can readily ascertain the individuals (and their contact information) involved in those communications.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify all persons to whom they assert they provided written notice of their CWA allegations on or before April 28, 2016. Plaintiffs object to the use of the term "notice" despite the fact that the term appears in the statute and regulations governing CWA citizen suits. *See* 33 U.S.C. § 1365(b) (titled "Notice"); 40 C.F.R. 135.2 (titled "Service of Notice").

This answer is non-responsive. Defendants requested information regarding written notice "on or before April 28, 2016." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions

3

"60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added).  Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act.

Defendants demand that Plaintiffs answer which entities and persons Plaintiffs provided CWA notice to prior to April 28, 2016, and identify the documents they assert fulfill the statutory and regulatory notice requirement. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs supplementally respond as stated below.

Because the Complaint and Amended Complaint alleged causes of action under laws with conflicting notice requirements (*e.g.*, the False Claims Act (FCA) requiring filing under seal without notice, and the Clean Water Act (CWA) requiring pre-filing notice), the Plaintiffs/Relators substantially relied upon the Government's sealed investigation processes under the FCA as a means of providing initial notice to the requisite environmental agencies and departments. Upon information and belief, these agencies and departments received a copy of the original Complaint shortly after it was filed. *See* REL000048-50 (Fitzgerald's notes and business cards of government personnel attending interview of Khatchikian on June 16, 2016, including Jason P. Garelick, Regional Criminal Enforcement Counsel for the U.S. EPA). Numerous other documents produced by Relators reflect the EPA's ongoing involvement in the investigation, including direct communications with Plaintiffs' counsel. *See* REL000121-22, REL000123-25, REL000126, REL000136-37, REL000140, REL000167-269; REL000270-296, REL000298-99, REL000300, REL000302, REL000331, REL000355-56, REL000390, REL000393, REL000394, and REL395.

Furthermore, while the case was still under seal and prior to filing the Amended Complaint, Plaintiffs' counsel sent a CWA Notice Letter to NYWW via FedEx on October 4, 2018, which letter was copied (via email) to the Environmental Protection Agency, the New Jersey Department of Environmental Protection, and the New York Department of Environmental Protection. *See* REL000318-21 and REL000327. On October 9, 2018, Plaintiffs' counsel also provided an online tip to the NYDEP. *See* REL000328-29. On October 13, 2018, Plaintiffs' counsel also

provided an online tip to the U.S. EPA. *See* REL000332-34. This notice to Defendants was augmented by a copy of the sealed Complaint, which was provided via email to Defendants' counsel by the U.S. Attorney's Office for the District of New Jersey (USAO-NJ) on December 10, 2018. *See* REL000351. This notice to the Defendants was also augmented by numerous communications and meetings between counsel for Defendants and USAO-NJ and/or Plaintiffs' counsel, Mr. Fitzgerald. *See* REL000340, REL000342, REL000343, REL000346-47, REL000348, REL000349-50, REL000351-52, REL000353-54, REL000357-58, REL000359-60, REL000363-64, REL000365-66, REL000367, REL000368-69, REL000370-71, REL000372-73, REL000374, REL000376-77, REL000380-81, REL000382-84, REL000386-87, REL000388, REL000389, and REL000402-03. Plaintiffs, however, do not have any knowledge of the substantive information provided by government departments or agencies to the Defendants.

**3.**    Identify where in the Documents responsive to Interrogatory 2 you included sufficient information to permit the recipient to identify the specific standard, limitation and/or order alleged to have been violated.

> **SPECIFIC OBJECTIONS:** None.

> **RESPONSE:** See Response to Interrogatory No. 2 above.

## NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 2, Plaintiffs included sufficient information to "permit the recipient to identify the specific standard, limitation, and/or order alleged to have been violated." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before April 28, 2016." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that "shall include sufficient information to permit the recipient to identify the specific standard,

limitation, or order alleged to have been violated[.]"

Defendants demand that Plaintiffs identify where in notice documents provided prior to April 28, 2016, they included sufficient information for the recipients to identify the standard, limitation and/or order alleged to have been violated. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

> **SUPPLEMENTAL RESPONSE:** Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 2 and, without limitation, note specifically: Plaintiffs' counsel sent a CWA Notice Letter to NYWW via FedEx on October 4, 2018. *See* REL000318-21 and REL000327. This notice to Defendants was augmented by a copy of the sealed Complaint, which was provided via email to Defendants' counsel by the U.S. Attorney's Office for the District of New Jersey (USAO-NJ) on December 10, 2018. *See* REL000351.

**4.** Identify where in the Documents responsive to Interrogatory 2 you included sufficient information to permit the recipient to identify the activity alleged to constitute a violation of the CWA.

> **SPECIFIC OBJECTIONS:** None.

> **RESPONSE:** See Response to Interrogatory No. 2 above.

## NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 2, Plaintiffs included sufficient information to "permit the recipient to identify the activity alleged to constitute a violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before April 28, 2016." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the activity alleged to

constitute a violation."

Defendants demand that Plaintiffs identify where in the notice documents provided prior to April 28, 2016, they included sufficient information for the recipients to identify the activity alleged to constitute a violation of the CWA. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 3.

**5.**    Identify where in the Documents responsive to Interrogatory 2 you included sufficient information to permit the recipient to identify the person or persons responsible for the alleged violation of the CWA.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 2, Plaintiffs included sufficient information to "permit the recipient to identify the person or persons responsible for the alleged violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before April 28, 2016." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the person or persons responsible for the alleged violation."

Defendants demand that Plaintiffs identify where in notice documents provided prior to April 28, 2016, they included sufficient information for the recipients to identify the person or persons responsible for a violation of the CWA. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 3.

6.    Identify where in the Documents responsive to Interrogatory 2 you included sufficient information to permit the recipient to identify the location of the alleged violation of the CWA.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 2, Plaintiffs "included sufficient information to permit the recipient to identify the location of the alleged violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before April 28, 2016." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the location of the alleged violation."

Defendants demand that Plaintiffs identify where in notice documents provided prior to April 28, 2016, they included sufficient information for the recipients to identify the location of the alleged violation of the CWA. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 3.

**7.**    Identify where in the Documents responsive to Interrogatory 2 you included sufficient information to permit the recipient to identify the date or dates of the alleged violation of the CWA.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 2, Plaintiffs "included sufficient information to permit the recipient to identify the date or dates of the alleged violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before April 28, 2016." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the date or dates of such violation." Failure to provide such information is grounds for dismissal. *See Hudson Riverkeeper Fund, Inc. v. Putnam Hosp. Ctr., Inc.*, 891 F. Supp. 152, 154-155 (S.D.N.Y. 1995) (CWA citizen suit dismissed for failure to submit sufficient information pertaining to the date of alleged violation, which frustrates the objectives of the 60–day notice requirement).

Defendants demand that Plaintiffs identify where in notice documents provided prior to April 28, 2016, they included sufficient information for the recipients to identify the date or dates of the alleged violation of the CWA. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 3.

**8.** Identify where in the Documents responsive to Interrogatory 2 you include the full name, address and telephone number of the person giving notice of the alleged violation of the CWA.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

## NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 2, Plaintiffs "include the full name, address and telephone number of the person giving notice of the alleged violation of the CWA" Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before April 28, 2016." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act.

Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the full name, address, and telephone number of the person giving notice." Courts readily dismiss cases when plaintiffs fail to provide this information in a CWA notice. *See Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354-55 (9th Cir. 1995) (failure to name two environmental organizations that eventually became sole plaintiffs in a CWA citizen suit did not satisfy notice requirements of CWA regulations, and thus warranted dismissal); *Assateague Coastkeeper v. Alan and Kristin Hudson Farm*, 727 F. Supp. 2d 433, 438 (D. Md. 2010) (failure to identify one of multiple plaintiffs in notice of CWA citizen suit required dismissal of that plaintiff; notice was not sufficient as to other named plaintiffs, whose addresses and phone numbers were not included); *Sierra Club Ohio Chapter v. City of Columbus*, 282 F. Supp. 2d 756, 775-76 (S.D. Ohio 2003) (failure by plaintiffs to provide their telephone numbers in letter to city was reason enough to dismiss their citizen suit under the CWA against city for lack of jurisdiction); *Washington Trout v. Scab Rock Feeders*, 823 F. Supp. 819, 820-21 (E.D. Wash. 1993) (dismissal required where the plaintiff in suit was not named in the 60-day notice to defendant).

Defendants demand that Plaintiffs identify where in notice documents provided prior to April 28, 2016, they included the full name, address, and telephone number of the person giving notice. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

> **SUPPLEMENTAL RESPONSE:** Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 3.

**9.** Identify where in the Documents responsive to Interrogatory 2 you state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice of the alleged violation of the CWA.

> **SPECIFIC OBJECTIONS:** None.

> **RESPONSE:** See Response to Interrogatory No. 2 above.

## NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 2, Plaintiffs "state the name, address, and telephone number of the legal counsel, if any, representing the person giving notice." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before April 28, 2016." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(c) requires that "the notice shall state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice."

Defendants demand that Plaintiffs identify where in notice documents provided prior to April 28, 2016, they included the full name, address, and telephone number of legal counsel for the person giving notice. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 3.

**10.** Identify all persons or entities to whom or to which you assert you provided written notice of your Clean Water Act allegations as set forth in the Amended Complaint on or before November 17, 2020. Set forth each person or entity's name, how each was notified including how the notification was served and to what address, the date of notification, and identify any Documents that you claim constitute notification and proof of service.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify all persons whom they assert they provided written notice of their CWA allegations on or before November 17, 2020, the date of filing of the Amended Complaint. Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before November 17, 2020." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act.

Defendants demand that Plaintiffs answer which entities and person Plaintiffs provided CWA notice to prior to November 17, 2020, and identify the documents they assert fulfill statutory and regulatory the notice requirement. If Plaintiffs cannot identify a notice document, Defendants request that they state they state as much.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 2.

**11.**   Identify where in the Documents responsive to Interrogatory 10 you included sufficient information to permit the recipient to identify the specific standard, limitation or order alleged to have been violated.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

## NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 10, Plaintiffs included sufficient information to "permit the recipient to identify the specific standard, limitation, and/or order alleged to have been violated." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before November 17, 2020." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that "shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated[.]"

Defendants demand that Plaintiffs identify where in notice documents provided prior to November 17, 2020, they included sufficient information for the recipients to identify the standard, limitation and/or order alleged to have been violated. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:**   Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 2 and, without limitation, note specifically: Plaintiffs' counsel sent a CWA Notice Letter to NYWW via FedEx on October 4, 2018. *See* REL000318-21 and REL000327. This notice to Defendants was augmented by a copy of the sealed Complaint, which was provided via email to Defendants' counsel by the U.S. Attorney's Office for the District of New Jersey (USAO-NJ) on December 10, 2018. *See* REL000351.

**12.**   Identify where in the Documents responsive to Interrogatory 10 you included sufficient information to permit the recipient to identify the activity alleged to constitute a violation of the CWA.

      **SPECIFIC OBJECTIONS:** None.

      **RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 10, Plaintiffs included sufficient information to "permit the recipient to identify the activity alleged to constitute a violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before November 17, 2020." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the activity alleged to constitute a violation."

Defendants demand that Plaintiffs identify where in notice documents provided prior to November 17, 2020, they included sufficient information for the recipients to identify the activity alleged to constitute a violation of the CWA. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

      **SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 11.

**13.**   Identify where in the Documents responsive to Interrogatory 10 you included sufficient information to permit the recipient to identify the person or persons responsible for the alleged violation of the CWA.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

    This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 10, Plaintiffs included sufficient information to "permit the recipient to identify the person or persons responsible for the alleged violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

    This answer is non-responsive. Defendants requested information regarding written notice "on or before November 17, 2020." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the person or persons responsible for the alleged violation."

    Defendants demand that Plaintiffs identify where in notice documents provided prior to November 17, 2020, they included sufficient information for the recipients to identify the person or persons responsible for a violation of the CWA. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

    **SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 11.

  **14.**   Identify where in the Documents responsive to Interrogatory 10 you included sufficient information to permit the recipient to identify the location of the alleged violation of the CWA.

    **SPECIFIC OBJECTIONS:** None.

    **RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

    This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 10, Plaintiffs "included sufficient

information to permit the recipient to identify the location of the alleged violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before November 17, 2020." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the location of the alleged violation."

Defendants demand that Plaintiffs identify where in notice documents provided prior to November 17, 2020, they included sufficient information for the recipients to identify the location of the alleged violation of the CWA. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 11.


**15.**   Identify where in the Documents responsive to Interrogatory 10 you include the full name, address and telephone number of the person giving notice of the alleged violation of the CWA.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

## NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify in the notice documents identified in response to Interrogatory 10, Plaintiffs "include the full name, address and telephone number of the person giving notice of the alleged violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before November 17, 2020." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral

discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act.

Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the full name, address, and telephone number of the person giving notice." Courts readily dismiss cases when plaintiffs fail to provide this information in a CWA notice. *See Washington Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354-55 (9th Cir. 1995) (failure to name two environmental organizations that eventually became sole plaintiffs in CWA citizen suit did not satisfy notice requirements of CWA regulations, and thus, district court lacked subject matter jurisdiction); *Assateague Coastkeeper v. Alan and Kristin Hudson Farm*, 727 F. Supp. 2d 433, 438 (D. Md. 2010) (failure to identify one of multiple plaintiffs in notice of CWA citizen suit required dismissal of that plaintiff; notice was not sufficient as to other named plaintiffs, whose addresses and phone numbers were not included); *Sierra Club Ohio Chapter v. City of Columbus*, 282 F. Supp. 2d 756, 775-76 (S.D. Ohio 2003) (failure by plaintiffs to provide their telephone numbers in notice letter to city was reason enough to dismiss their citizen suit under the CWA against city for lack of jurisdiction, even if plaintiffs gave their full names and addresses, and city could have looked up telephone numbers in phone book, could have called directory assistance, or could have asked plaintiffs' counsel for their phone numbers); *Washington Trout v. Scab Rock Feeders*, 823 F. Supp. 819, 820-21 (E.D. Wash. 1993) (dismissal required where the plaintiff in suit was not named in the 60-day notice to defendant).

Defendants demand that Plaintiffs identify where in notice documents provided prior to November 17, 2020, they included the full name, address, and telephone number of the person giving notice. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 11.

**16.** Identify where in the Documents responsive to Interrogatory 10 you included sufficient information to permit the recipient to identify the date or dates of the alleged violation of the CWA.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

### NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 10, Plaintiffs "included sufficient information to permit the recipient to identify the date or dates of the alleged violation of the CWA." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before November 17, 2020." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(a) requires notice that includes "sufficient information to permit the recipient to identify … the date or dates of such violation." Failure to provide such information is grounds for dismissal. *See Hudson Riverkeeper Fund, Inc. v. Putnam Hosp. Ctr., Inc.*, 891 F. Supp. 152, 154-155 (S.D.N.Y. 1995) (citizen suit dismissed for failure to submit sufficient information pertaining to the date of alleged violation, which frustrates the objectives of the 60–day notice requirement).

Defendants demand that Plaintiffs identify where in notice documents provided prior to November 17, 2020, they included sufficient information for the recipients to identify the date or dates of the alleged violation of the CWA. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 11.

**17.** Identify where in the Documents responsive to Interrogatory 10 you state the name, address, and telephone number of the legal counsel, if any, representing the person giving notice of the alleged violation of the CWA.

**SPECIFIC OBJECTIONS:** None.

**RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify where in the notice documents identified in response to Interrogatory 10, Plaintiffs "state the name, address, and telephone number of the legal counsel, if any, representing the person giving notice." Plaintiffs raise no specific objections and respond by reference to their answer to Interrogatory 2.

This answer is non-responsive. Defendants requested information regarding written notice "on or before November 17, 2020." However, Plaintiffs' response ignores the requested time frame and instead references documents and oral discussions "60-days prior to the unsealing of this case," which occurred on December 3, 2020. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiffs' claim that "Defendants received information that satisfies the purpose of the CWA's citizen suit notice requirement through various communications" with entities other than Plaintiffs runs counter to 33 U.S.C. § 1365(b)(1)(A) which states, "no action may be commenced under subsection (a)(1) of this section – prior to sixty days *after plaintiff has given notice of the alleged violation* … to any alleged violator." (emphasis added). Accordingly, Plaintiffs' answer is neither responsive to the Interrogatory nor does it comport with the statutory requirements of the Clean Water Act. Further, 40 C.F.R. § 135.3(c) requires that "the notice shall state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice."

Defendants demand that Plaintiffs identify where in notice documents provided prior to November 17, 2020, they included the full name, address, and telephone number of legal counsel for the person giving notice. If Plaintiffs cannot identify a notice document, Defendants request that they state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 11.

**18.**   Do Plaintiffs contend that they served notice on Defendants of a CWA violation that satisfies the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3? If yes, identify each document that Plaintiffs served on Defendants that you contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3. Each document shall also be identified by Bates stamp.

**SPECIFIC OBJECTIONS:** Relators object to the terms "served" and "notice" to the extent they call for a legal conclusion.

19

**RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to state whether they contend they served notice on Defendants that satisfies the citizen suit notice requirement in 33 U.S.C. § 1365(b) and 40 C.F.R. §§ 135.1 to 135.3. Plaintiffs object to the use of the terms "served" and "notice" despite the fact that the terms appear in the statute and regulations governing CWA citizen suits. *See* 33 U.S.C. § 1365(b) (titled "Notice"); 40 C.F.R. 135.2 (titled "Service of Notice"). Plaintiffs respond by reference to their answer to Interrogatory 2.

This is answer is non-responsive. This Interrogatory is a yes or no question, however, Plaintiffs fail to answer yes or no and instead point to a non-responsive narrative unrelated to the statute and regulations governing CWA citizen suit notice. The Court's jurisdiction over a CWA citizen suit is governed by whether Plaintiffs provided Defendants with proper notice as provided in the statutes and regulations referenced in Interrogatory 18. Defendants demand that Plaintiffs provide a response in either the affirmative or negative regarding whether they served notice of a CWA violation in compliance with the requirements in 33 U.S.C. § 1365(b) and 40 C.F.R. §§ 135.1 to 135.3. If Plaintiffs are unable to identify notice document(s) that comply with 33 U.S.C.§ 1365(b) and 40 C.F.R. §§ 135.1 to 135.3, they should state as much.

> **SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 2.

**19.**  Identify Plaintiffs' method of service (*e.g.*, certified mail or personal service) on Defendants of the documents identified in response to Interrogatory 18:

> **SPECIFIC OBJECTIONS:** Relators object to the phrase "method of service" to the extent it calls for a legal conclusion.

> **RESPONSE:** See Response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify the method of service (*e.g.*, certified mail or personal service) of the documents identified in response to Interrogatory 18. Plaintiffs object to the use of the terms "method of service" despite the fact that the term "service" appears throughout the regulations governing CWA notice. *See* 40 C.F.R. 135.2 (titled "Service of Notice").  Plaintiffs respond by reference to their answer to Interrogatory 2.

Plaintiffs failed to provide a responsive answer to Interrogatory 18, and

accordingly, their response to Interrogatory 19 is deficient. 40 C.F.R. § 135.2(a)(1) requires that "[i]f the alleged violator is an individual or corporation, service of notice shall be accomplished by certified mail addressed to, or by personal service upon, the owner or managing agent of the building, plant, installation, vessel, facility, or activity alleged to be in violation." Accordingly, Defendants' interrogatory was directly drawn from the regulations governing CWA notice. Plaintiffs' response does not discuss service via any means and accordingly is wholly non-responsive.

Defendants demand that Plaintiffs provided a response regarding the method of service of any notice document(s) they identify in Interrogatory 18. If Plaintiffs are unable to identify notice documents or the method of service of documents, they should state as much.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections or response, Plaintiffs incorporate their supplemental response to Interrogatory 11.

**20.**   Identify the date(s) on which Plaintiffs served Defendants with the documents identified in response to Interrogatory 18. For service by mail, identify the date of mailing. For personal service, identify the date on which service was completed.

**SPECIFIC OBJECTIONS:** Relators object to the terms "served" and "service" to the extent they call for a legal conclusion.

**RESPONSE:** See response to Interrogatory No. 2 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify the date(s) when Plaintiffs served Defendants with the CWA notice documents identified in response to Interrogatory 18.  Plaintiffs object to the terms "served" and "service" despite the fact that the terms appear throughout the regulations governing CWA notice. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Plaintiffs respond by reference to their answer to Interrogatory 2.

Plaintiffs failed to provide a responsive answer to Interrogatory 18, and accordingly, their response to Interrogatory 20 is deficient. 33 U.S.C. § 1365(b) prescribes that "no action may be commenced … prior to sixty days after plaintiff has given notice of the alleged violation … to any alleged violator." 40 C.F.R. § 135.2(a)(1) states that personal service and certified mail are allowable methods of service. Defendants demand that Plaintiffs provide a response regarding the dates of services of any notice documents they identify in Interrogatory 18.  If Plaintiffs are unable to identify notice documents or the date of service, they should state as much.

**SUPPLEMENTAL RESPONSE**:  Without waiving their prior objections and response, Plaintiffs incorporate their supplemental response to Interrogatory 11.

**21.**   If the answer to Interrogatory 18 is "yes" (in whole or in part), identify each document that Plaintiffs served on the following persons or agencies that you contend satisfy the citizen suit notice requirement in 33 U.S.C. § 1365(b) of the CWA and the regulations governing notice, 40 C.F.R. §§ 135.1 to 135.3. Each document shall also be identified by Bates stamp.
   (a)   the Administrator of the Environmental Protection Agency;
   (b)   the Administrator of the Environmental Protection Agency for Region 2; and
   (c)   the chief administrative officer of New Jersey Department of Environmental Protection.

**SPECIFIC OBJECTIONS:** Relators object to the terms "served" and "notice" to the extent they call for a legal conclusion.

**RESPONSE:** Relators assert that the listed agencies and departments received information about the CWA violations alleged in the Complaint and First Amended Complaint through various communications with the United States Department of Justice and/or the United States Attorney's Office for the District of New Jersey, Relators' counsel, and Defendants' counsel, and that this information satisfied the purpose of the CWA citizen suit notice provision.

Relators are producing all non-privileged emails and documents relevant to meetings, calls, or other communications that show that the EPA had knowledge of the factual allegations underlying the CWA causes of action years before the Amended Complaint in this action was served on Defendants. Relators are also providing, as Addendum A, a chronological index of the produced documents, which includes a brief description of each document. Entries in the "Description" column are color-coded to highlight in green all evidence of communications to, from, or with the EPA or its counsel. Relators' position is that these communications with the EPA and its counsel satisfied the purpose of the CWA notice requirement. Relators note that the initial, and many of the subsequent, communications with the EPA about the facts underlying the CWA causes of action alleged in this matter were made by and through the United States Department of Justice and/or the United States Attorney's Office for the District of New Jersey, and that Relators do not have access to those communications.

## NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify the documents that Plaintiffs served on three identified governmental persons to satisfy the citizen suit notice requirements of 33 U.S.C. § 1365(b) and 40 C.F.R. § 135.1 to 135.3. Plaintiffs object to the terms "served" and "notice" despite the fact that these terms appear throughout the statute and regulations governing CWA notice.  *See* 33 U.S.C. § 1365(b) (titled "Notice"); 40 C.F.R. 135.2 (titled "Service of Notice").

Plaintiffs failed to provide a responsive answer. 33 U.S.C. § 1365(b)(1)(A) states "no action may be commenced … prior to sixty days *after the plaintiff has given notice* of the alleged violation to (i) the Administrator, (ii) to the State in which the alleged violation occurs." 40 C.F.R. § 135.2(a)(1) states "*a copy of the notice shall be mailed* to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred, and the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred." (emphasis added). Defendants seek information directly aligned with the plain text of the statutes and regulations governing CWA notice.

Defendants demand that Plaintiffs identify documents served on the governmental persons in compliance with the requirement in 33 U.S.C. § 1365(b) and 40 C.F.R. §§ 135.1 to 135.3. If Plaintiffs are unable to identify notice document(s) that comply with 33 U.S.C. § 1365(b) and 40 C.F.R. §§ 135.1 to 135.3, they should state as much.

**SUPPLEMENTAL RESPONSE:**   Without waiving their prior objections or response, Plaintiffs incorporate their supplemental response to Interrogatory 2.

**22.**   Identify Plaintiffs' method of service (*e.g.*, certified mail or personal service) on the following persons or agencies of the documents identified in response to Interrogatory 21:
   (a) the Administrator of the Environmental Protection Agency;
   (b) the Administrator of the Environmental Protection Agency for Region 2; and
   (c) the chief administrative officer of New Jersey Department of Environmental Protection.

**SPECIFIC OBJECTIONS:** Relators object to the term "service" to the extent it calls for a legal conclusion.

**RESPONSE:** See response to Interrogatory No. 21 above.

## NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks Plaintiffs to identify the method of service (*e.g.*, certified mail or personal service) of the documents identified in response to Interrogatory 21. Plaintiffs object to the use of the term "service" despite the fact that the term appears throughout the regulations governing CWA notice. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Plaintiffs respond by reference to their answer to Interrogatory 21.

Plaintiffs failed to provide a responsive answer to Interrogatory 21, and accordingly, their response to Interrogatory 22 is deficient. 40 C.F.R. § 135.2(a)(1) requires that "[a] copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the

23

Environmental Protection Agency for the region in which such violation is alleged to have occurred, and the chief administrative officer of the water pollution control agency for the State in which the violation is alleged to have occurred." Accordingly, Defendants' interrogatory was directly drawn from the regulations governing CWA notice.

Defendants demand that Plaintiffs provide a response regarding the method of service of any notice documents they identify in Interrogatory 21. If Plaintiffs are unable to identify notice documents or the method of service of documents, they should state as much.

> **SUPPLEMENTAL RESPONSE:** Without waiving their prior objections or response, Plaintiffs incorporate their supplemental response to Interrogatory 2.

**23.** Identify the date(s) on which Plaintiffs served the following persons or agencies with the documents identified in response to Interrogatory 21. For service by mail, identify the date of mailing. For personal service, identify the date on which service was completed.

  (a) the Administrator of the Environmental Protection Agency;
  (b) the Administrator of the Environmental Protection Agency for Region 2; and
  (c) the chief administrative officer of New Jersey Department of Environmental Protection

> **SPECIFIC OBJECTIONS:** Relators object to the terms "served" and "service" to the extent they call for a legal conclusion.

> **RESPONSE:** See response to Interrogatory No. 21 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks Plaintiffs to identify the date(s) when Plaintiffs served three governmental persons with CWA notice documents identified in response to Interrogatory 21. Plaintiffs object to the terms "served" and "service" despite the fact that the terms appear throughout the regulations governing CWA notice. *See* 40 C.F.R. 135.2 (titled "Service of Notice"). Plaintiffs respond by reference to their answer to Interrogatory 21.

Plaintiffs failed to provide a responsive answer to Interrogatory 21, and accordingly, their response to Interrogatory 23 is deficient. 33 U.S.C. § 1365(b) prescribes that "no action may be commenced ... prior to sixty days after plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs." 40 C.F.R. § 135.2(a)(1) states that a copy of the notice "shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred, and the chief administrative officer of the water pollution control agency for the State in which

24

the violation is alleged to have occurred."

Defendants demand that Plaintiffs identify the dates when they sent notice documents to the three identified governmental persons. If Plaintiffs are unable to identify notice documents or the date of service, they should state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections or response, Plaintiffs incorporate their supplemental response to Interrogatory 2.

**24.**   Do you contend that you properly gave written jurisdictional notice pursuant to the CWA with respect to the CWA claims contained in your April 28, 2016 Complaint? If so, state with specificity how notice was given, who was noticed and attached the documents you assert constitute notice. If not, state why you were not required to give notice of your CWA claims.

**SPECIFIC OBJECTIONS:** Relators object to the terms "properly" and "notice" to the extent they call for a legal conclusion.

**RESPONSE:** See response to Interrogatory No. 21 above.

**NYWW's ASSERTED DEFICIENCIES:**

This Interrogatory asks if Plaintiffs contend they gave proper jurisdictional notice pursuant to the CWA with respect to the claims in their April 28, 2016 Complaint. Plaintiffs object to the use of the terms "properly" and "notice" despite the fact that the term "notice" appears in the statutes and regulations governing CWA citizen suits. *See* 33 U.S.C. § 1365(b) (titled "Notice"); 40 C.F.R. 135.2 (titled "Service of Notice"). Plaintiffs respond by reference to their answer to Interrogatory 21.

Plaintiffs failed to provide a responsive answer to Interrogatory 24. Defendants' Interrogatory requests a yes or no answer. Plaintiffs' reference to their answer to Interrogatory 21 – which discusses Plaintiffs' interactions with environmental agencies – is wholly unrelated to whether they gave proper notice to Defendants. Further, Defendants specifically requested whether Plaintiffs gave notice with respect to the April 28, 2016 Complaint. Plaintiffs' answer is non-responsive because it is unrelated to the April 28, 2016 Complaint. Defendants request that Plaintiffs answer in the affirmative or negative and provide an explanation for their answer. If Plaintiffs are unable to answer, they should state as much.

**SUPPLEMENTAL RESPONSE:**  Without waiving their prior objections or response, Plaintiffs incorporate their supplemental response to Interrogatory 2.

**25.**   Do you contend that you properly gave written jurisdictional notice pursuant to the CWA with respect to the CWA claims in your November 17, 2020, Amended Complaint? If so, state with specificity how notice was given, who was noticed and attach the documents you assert constitute notice. If not, state why you were not required to give notice of your CWA claims.

**SPECIFIC OBJECTIONS:** Relators object to the terms "properly" and "notice" to the extent they call for a legal conclusion.

**RESPONSE:** See response to Interrogatory No. 21 above.

### NYWW's ASSERTED DEFICIENCIES:

This Interrogatory asks if Plaintiffs contend they gave proper jurisdictional notice pursuant to the CWA with respect to the claims in their November 17, 2020 Amended Complaint. Plaintiffs object to the use of the terms "properly" and "notice" despite the fact that the term "notice" appears in the statutes and regulations governing CWA citizen suits. *See* 33 U.S.C. § 1365(b) (titled "Notice"); 40 C.F.R. 135.2 (titled "Service of Notice"). Plaintiffs respond by reference to their answer to Interrogatory 21.

Plaintiffs failed to provide a responsive answer to Interrogatory 25. Defendants' Interrogatory requests a yes or no answer. Plaintiffs' reference to their answer to Interrogatory 21 – which discusses Plaintiffs interactions with environmental agencies – is wholly unrelated to whether they gave proper notice to Defendants. Further, Defendants specifically requested whether Plaintiffs gave notice with respect to the November 17, 2020, Amended Complaint. Plaintiffs' answer is non-responsive because it is unrelated to the November 17, 2020, Amended Complaint.

Defendants demand that Plaintiffs answer in the affirmative or negative and provide an explanation for their answer. If Plaintiffs are unable to answer, they should state as much.

**SUPPLEMENTAL RESPONSE:** Without waiving their prior objections or response, Plaintiffs incorporate their supplemental response to Interrogatory 2.

Dated: May 8, 2022

By: /s/ Gerald C. Robinson         /s/ Michael D. Fitzgerald

    Gerald C. Robinson            Michael D. Fitzgerald, Esq.

    NJ Bar # 028452005          NJ Bar #004391985

    HALUNEN LAW              LAW OFFICES OF MICHAEL D.

    IDS Center, Suite 1650          FITZGERALD

    Minneapolis MN 55402       1701 Pennsylvania Ave, NW, Suite 200

    Tel.: 612-605-4098           Washington D.C. 20006

    Fax: 612-605-4099           Tel: 703-888-5469

    robinson@halunenlaw.com     mdfitz@briellelaw.com

*Attorneys for Plaintiffs Rafi Khatchikian and Ivan Torres*

## CERTIFICATE OF SERVICE

I, Gerald C. Robinson, hereby certify that on May 8, 2022, I caused a true and correct copy of this document to be served upon counsel for Port Imperial Ferry Corporation, Port Imperial Ferry Corporation d/b/a NY Waterway, Arthur Imperatore, Romulus Development Corp., and Billybey Ferry Company LLC via electronic mail (per the written service agreement between counsel) to:

    Michael Baldassre, Esq.

    Jennifer Mara, Esq.

    Baldassare & Mara, LLC

    570 Broad Street, Suite 900

    Newark, New Jersey 07102

    mbaldassare@mabalaw.com

    jmara@mabalaw.com

               /s/ Gerald C. Robinson

                Gerald C. Robinson

## CERTIFICATION

I, Rafi Khatchikian, certify that the foregoing answers and supplemental answers to Interrogatories are true and accurate, and that I will cause any supplemental responsive information that becomes known to me to be supplied to counsel for the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Rafi Khatchikian

Dated: _6-23-2022_____

I, Ivan Torres, certify that the foregoing answers and supplemental answers to Interrogatories are true and accurate, and that I will cause any supplemental responsive information that becomes known to me to be supplied to counsel for the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____

Ivan Torres

Dated: _____

# CERTIFICATION

I, Rafi Khatchikian, certify that the foregoing answers and supplemental answers
Interrogatories are true and accurate, and that I will cause any supplemental responsive informati
that becomes known to me to be supplied to counsel for the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of t
foregoing statements made by me are willfully false, I am subject to punishment.

_____

Rafi Khatchikian

Dated: _____


I, Ivan Torres, certify that the foregoing answers and supplemental answers t
Interrogatories are true and accurate, and that I will cause any supplemental responsive informatio
that becomes known to me to be supplied to counsel for the propounding party.

I certify that the foregoing statements made by me are true. I am aware that if any of the
foregoing statements made by me are willfully false, I am subject to punishment.

_____

Ivan Torres

Dated: ___7/4/2022_____

# Exhibit C

BALDASSARE
& MARA, LLC
Attorneys at Law

**MICHAEL D. FITZGERALD, ESQUIRE**
**1701 Pennsylvania Ave, NW**
**Washington, DC 2006**
202-349-1482

October 4, 2018

New York Waterways
4800 Avenue at Port Imperial Boulevard
Weehawkin, New Jersey 07086

To Whom It May Concern:

Please accept the within letter as notification of an allegation of a violation of the Clean Water Act (33 U.S.C. § 1311) and a violation of the Act for the Prevention of Pollution from Ships. Further, the same activities by your entity constitute violations of both New Jersey and New York State Environmental laws as the complained of conduct occurred in or on the Hudson River, East River and/or Raritan Bay.

Over the last 3 plus years, your company, individual employees, or a combination of employees and companies have routinely participated in activities to improperly dispose of "sullage". Further, the company has routinely improperly disposed of oil filters, waste oil bilge fluids and engine compartment fluids at the Weehawken work dock location.

In addition to eyewitness accounts, there are photos and video which have been provided to the proper authorities.

It is our intention, on behalf of our client, to file a complaint against New York Waterways, Billybey Ferry Co., and various individuals after the statutory 60-day waiting period.

The within letter is being provided to the environmental authorities.

Attached hereto please find a preservation letter which seeks the preservation of both electronic and physical evidence related to the various allegations.

Be advised accordingly.

Very truly yours,

MICHAEL D. FITZGERALD

MDF: gsg
Enclosure
cc:     Environmental Protection Agency (via email only)
          New Jersey Department of Environmental Protection (via email only)
          New York Department of Environmental Protection (via email only)

REL000318